# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODMEN R. FOSTER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL C. POTTEIGER, et al.** | : | **NO. 15-6469** |

FILED
DEC 11 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### MEMORANDUM

**RUFE, J.**                                                                   **DECEMBER** 10 , **2015**

Plaintiff Rodmen R. Foster brings this civil action claiming that he was unlawfully incarcerated as a result of a miscalculation of his maximum sentence by employees of the Pennsylvania Board of Probation and Parole ("Board") and the Pennsylvania Department of Corrections ("DOC"). He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous and time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.    FACTS[1]

On May 17, 2006, plaintiff was arrested for theft and other criminal charges while he was on parole. *See Commonwealth v. Foster*, Docket No. CP-46-CR-004194-2006 (Montgomery County Ct. of Common Pleas). The Board lodged a detainer against him on the date of his arrest. Plaintiff posted bail but remained incarcerated on the Board's detainer. He pled guilty to retail theft on February 1, 2007, and was sentenced to six to twenty-three months of incarceration. On August 1, 2007, after conducting two hearings, the Board recommitted plaintiff to prison for six months as a technical and convicted parole violator. The Board's notice of decision did not reflect plaintiff's maximum sentence date.

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available court dockets.

1

Plaintiff alleges that his maximum sentence date was December 11, 2007, and that he should have been released from prison at that time. However, he remained incarcerated. On January 22, 2008, the Board issued an administrative action, which it rescinded in a February 11, 2008 decision. The February 11, 2008 decision calculated plaintiff's maximum sentence date to be September 7, 2016. Records specialists at the Department of Corrections adjusted plaintiff's maximum sentence date accordingly. Plaintiff was reparoled on June 9, 2009, and released from incarceration on December 21, 2009.

Based on those facts, plaintiff initiated this lawsuit, raising constitutional claims pursuant to 42 U.S.C. § 1983, and related state law claims based on the Board's decisions, including the alleged miscalculation of his sentence, and his confinement pursuant to those decisions. He named as defendants: (1) Michael C. Potteiger, Chairman of the Board; (2) Cynthia L. Daub, Secretary of the Board; (3) John E. Wetzel, Secretary of the DOC; (4) Christima Fobia, a records specialist at the DOC; and (5) Heather Yoder, another records specialist at the DOC. He essentially alleges that the defendants fraudulently misrepresented his maximum sentence date, which led to his unlawful incarceration beyond his maximum sentence. He seeks compensatory and punitive damages.

## II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider exhibits attached to the complaint and matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Here, plaintiff seeks damages for unconstitutional imprisonment caused by the alleged miscalculation of his maximum sentence. However, nothing in the complaint suggests that the Board's decisions, including its calculation of plaintiff's maximum date, have been invalidated. To the contrary, plaintiff's petitions for *habeas* relief, which challenged the Board's calculation of his maximum

3

sentence date as September 7, 2016, were unsuccessful. *See Foster v. Pa. Bd. of Prob. & Parole*, Civ. A. No. 12-6641 (E.D. Pa.); *Foster v. Varano*, Civ. A. No. 09-1691 (M.D. Pa.). Accordingly, plaintiff's § 1983 claims are not cognizable in a civil rights action because success on those claims would necessarily demonstrate the invalidity of the Board's decisions and plaintiff's confinement pursuant to those decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *see also Deemer v. Beard*, 557 F. App'x 162, 162-65 (3d Cir. 2014); *Glenn v. Pa. Bd. of Prob. & Parole*, 410 F. App'x 424, 425-26 (3d Cir. 2011) (per curiam).

To the extent plaintiff raises any claims that are not barred by *Heck*, those claims—and plaintiff's state tort claims—are barred by the statute of limitations. Pennsylvania's two-year limitations period applies to plaintiff's claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period begins to run from the time "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, all of plaintiff's claims accrued by December 21, 2009, when his alleged false imprisonment ended. As plaintiff did not file this action until December 4, 2015, his claims are time-barred.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[2] There is no apparent basis for tolling. Indeed, plaintiff's *habeas* filings make clear that he was well aware of the basis for his claims in 2009.